BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO *v.* ROSSY, JUEZ DE DISTRITO.

SOLICITUD para que se expida mandamiento de *certiorari.*

No. 89.—Resuelto en junio 5, 1912.

RENDICIÓN DE CUENTAS EN TRÁMITE DE EJECUCIÓN DE SENTENCIA—IMPUGNACIÓN DE LAS CUENTAS—PRESENTACIÓN DE PRUEBAS.—En este caso se trata de dar cumplimiento a la sentencia dictada por este Tribunal Supremo en junio 24, 1909, en un pleito entre Margarita Cintrón y otros contra el Banco Territorial, en cuya sentencia se hizo el pronunciamiento de que el Banco Territorial "rinda cuenta detallada· y justificada de la administración de la hacienda Laura," a la parte demandante. Se resolvió que los términos "rendición de cuenta detallada y justificada de la administración de la hacienda Laura" comprenden *además de la presentación de dicha cuenta en la forma dispuesta, su examen con audiencia de los interesados y su aprobación o reforma definitiva en el trámite de ejecución de la sentencia de 24 de junio de 1909, a fin de determinar el legítimo saldo o alcance, porque estos tres actos tienen entre sí perfecta conexión y son absolutamente imprescindibles para que se cumpla formal y eficazmente lo juzgado.* Tal procedimiento no está en contradicción con el vigente Código de Enjuiciamiento Civil, y está conforme con los procedimientos seguidos en las cortes de los Estados Unidos.

ID.—IMPUGNACIÓN DE LAS CUENTAS—PRÁCTICA DE PRUEBAS.—De acuerdo con la doctrina sentada en el párrafo anterior, los reparos hechos por los demandantes contra las cuentas presentadas por el Banco Territorial, deben discutirse y resolverse después de oídas las alegaciones de las partes y de haberse practicado las pruebas conducentes en defensa de sus derechos respectivos, y no procede, como pide el peticionario, que se declaren terminadas las diligencias de cumplimiento de sentencia por haber sido presentadas por el banco las cuentas, y que se acuda a un pleito ordinario para impugnarlas y comprobar los reparos.

Los hechos están expresados en la opinión.

Abogado del promovente: *Sr. Juan de Guzmán Benítez.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En juicio seguido ante la Corte de Distrito del Distrito Judicial de San Juan por Margarita y Eulalia Cintrón y la Sucesión de José F. Cintrón contra el Banco Territorial y Agrícola de Puerto Rico, sobre rendición de cuentas y otros extremos, la referida corte dictó sentencia en 28 de diciembre de 1907, por la que declaró no haber lugar a decretar la nulidad de la subasta de la hacienda "Laura," celebrada el 19 de mayo de 1906, y ordenó al demandado que dentro del término de 15 días, desde el en que fuera firme dicha sentencia, rindiera a los demandantes cuenta detallada y justificada de la administración de dicha hacienda "Laura" durante el período comprendido entre el 30 de junio de 1902 y el 19 de mayo de 1906, con prevención a los demandantes que dentro de diez días, a partir desde la entrega de cuentas de que se trata, mostraran su conformidad o no conformidad con ellas, en cuyo último caso la corte, de acuerdo con el artículo 205 del Código de Enjuiciamiento Civil, y para dar cumplimiento al fallo, sometería la cuestión a un arbitraje con designación de árbitro o árbitros de la manera prevenida por la ley, ordenándose finalmente, que si resultara algún saldo a favor de los demandantes después de cubiertos todos los gastos justificados y el crédito de $12,196.96, para cuyo cobro tomó a su cargo el demandado la administración de la hacienda "Laura," se entregara dicho saldo a los demandantes.

Esa sentencia fué apelada por ambas partes, y esta Corte Suprema por la suya de 24 de junio de 1909 estimó que procedía su confirmación "en cuanto declara no haber lugar a decretar la nulidad de la subasta celebrada en 19 de mayo de 1906 y ordena que el Banco Territorial y Agrícola de Puerto Rico rinda dentro de quince días a los demandantes, cuenta detallada y justificada de la administración de la hacienda 'Laura' durante el período que media entre el 30 de junio

de 1902 y el 19 de mayo de 1906, cuyo término'' sería prorrogable a discreción de la corte inferior, revocando la misma sentencia en los demás extremos que abraza, sin especial condenación de costas.    (*Cintrón et al.* v. *Banco Territorial y Agrícola,* 15 D. P. R., 507.)

Para cumplir la expresada sentencia en la parte relativa al pronunciamiento sobre rendición de cuentas, produjo el Banco Territorial y Agrícola las de la administración de la hacienda ''Laura'' que empiezan en 30 de junio de 1902 con un saldo a su favor de $14,606.69, y terminan en 19 de mayo de 1906 con un saldo también a su favor de $22,724.37, y entonces la parte contraria presentó moción a la corte, el 20 de diciembre de 1909, en que por el fundamento de que las cuentas presentadas sólo eran una copia incompleta de los libros mercantiles del banco sin comprobante ni justificante alguno y sin relación a las distintas partidas de bienes recibidos bajo inventario al encargarse de la administración de la hacienda ''Laura,'' pedía se ordenara al demandado rindiera dentro de quince días la cuenta detallada y justificada, presentando al efecto el inventario con arreglo al cual el banco se hizo cargo de la administración, así como el respectivo comprobante original de cada asiento, con señalamiento de otro término de quince días a los demandantes para la impugnación o presentación de reparos a dicha cuenta, partida por partida, y deducir el saldo o alcance que había de ser satisfecho con sus intereses por la parte a cuyo cargo resultara.

La moción fué declarada con lugar por orden de 19 de marzo de 1910 y ello dió lugar a que la representación del Banco Territorial y Agrícola acudiera a esta Corte Suprema en solicitud de auto de *certiorari,* para que revisados los procedimientos de la corte inferior se declarara que las cuentas habían sido producidas en forma debida, y que los demandantes debían presentar los reparos justificados que tuvieran que hacer para que entonces el banco presentara los comprobantes de las partidas objetadas y se resolvieran en la forma

procedente las cuestiones que se suscitaran con motivo de dichos reparos.

Expedido el auto de *certiorari* y elevados a esta corte los procedimientos del caso, recayó resolución en 27 de marzo de 1911 declarando no haber lugar al recurso y ordenando se devolvieran los autos a la corte inferior, la que quedaría en libertad·para proceder como si no hubiera sido expedido aquel auto.

Presentó el banco una nueva copia de las cuentas de la administración de la hacienda "Laura" con los comprobantes que estimó conducentes, tanto respecto de las partidas de cargo como de las de abono y la representación de Cintrón Hermanos hizo reparos a dichas cuentas: 1°., porque el banco dejó de presentar el inventario de los bienes que recibió en administración; 2°., porque las cuentas no comprenden todos los ingresos de la administración de la central "Laura," sino tan sólo los de la caña, y éstos incompletos; 3°., porque los ingresos y sus comprobantes no son detallados y específicos para poder venir en conocimiento de su procedencia y determinar la exactitud de su cuantía; 4°., porque en los ingresos no se incluyen los productos del ron, ni de las mieles en su defecto, ni del terreno no dedicado a caña, ni de los pastos, ni de la leña, ni del cuido de bueyes ajenos, ni del alquiler de la bueyada de la dotación, ni del alquiler de los carros o carretas, ni de las aparcerías por cuido de ganado y por siembras de frutos menores, ni de la venta indebida de pertenencias varias de la finca, ni del arrendamiento de parcelas de terreno de ella, ni del alquiler de su casa tienda, ni de la venta de maderas, de hierro y cobre viejos, y de accesorios de la maquinaria; 5°., porque las limitadísimas partidas de ingreso se refieren a la venta de cañas a la factoría de la central "Mercedita," y no comprende la administración completa de la central "Laura," con ·todas sus utilidades, provechos y productos; .6°., porque los ingresos abonados a Cintrón Hermanos no son los naturales y verdaderos de la central "Laura," debidos producir en una mediana y regular admi-

nistración, con arreglo a la prueba pericial practicada en el juicio; 7°., porque en las cuentas no se incluyen las mieles, ni el ron de los cosechos de los años 1905 y 1906; 8°., porque ni aun los ingresos de azúcar figuran completos en las partidas de cargo del banco; 9°., porque en las cuentas se ocultan y omiten fraudulentamente la mayor parte de los diversos ingresos que no son de azúcar, percibidos por el administrador subalterno que el banco puso al frente de la central "Laura"; 10°., porque los ingresos que figuran en las cuentas no son los de una central de cañas en las mejores condiciones de cultivo, como la "Laura," sino los de una central convertida en colonia agrícola; 11°., porque no son detalladas e inteligibles en su contexto las partidas de cargo y abono que se especifican; 12°., porque en las cuentas se omiten fraudulentamente los ingresos legítimos que se especifican en la relación que se acompaña (Exhibit número 1); 13°., porque los ingresos especiales de la producción de azúcar durante los cuatro cosechos que comprenden las cuentas, no se ajustan al promedio de 30,000 dollars por cada año, establecido en el juicio por prueba pericial; 14°., porque agrupados los ingresos y gastos de cada año de administración resultan los reparos e impugnación constatados en los diversos exhibits presentados.

Por el mérito de tales reparos la representación de Cintrón Hermanos concluye su moción con la súplica de que se dictara una orden, disponiendo: 1°., que eran inadmisibles tales cuentas, como contrarias a la cosa juzgada y a las bases aprobadas para su liquidación; 2°., que se requiriera al gerente del banco bajo apercibimiento de desacato, para que presentara sin excusa ni pretexto alguno el inventario y avalúo original con arreglo a los cuales tomó a su cargo la administración de la central "Laura"; 3°., que se fijara día y hora para practicar la prueba sumaria de autenticación de los reparos y documentos privados de impugnación, ya pericialmente, ya por medio de escrituras y documentos públicos; y 4°., que se condene al Banco Territorial y Agrícola, una vez

practicadas las pruebas, a satisfacer a Cintrón Hermanos la cantidad total resultante de la liquidación presentada por los demandantes, y en todo caso la resultancia de los reparos totales y parciales que oponían a las cuentas.

La representación del banco también presentó moción para que fuera desestimada la impugnación de Cintrón Hermanos, suplicando a la corte que por haber cumplido el banco con la obligación que se le impuso de rendir las cuentas detalladas, y además por las razones que consignaba en su moción contradiciendo los reparos hechos, desestimara la impugnación de cuentas hechas en las diligencias sobre cumplimiento de sentencia, ordenando se archivaran dichas diligencias por estar debidamente concluídas.

A la anterior moción recayó en 26 de marzo último la siguiente resolución:

"Sin lugar la moción y de acuerdo con las órdenes anteriores, se señala el martes 2 de abril a las 9 de la a. m. para presentar la prueba sumaria de autenticación de los reparos y documentos privados de impugnación."

La orden que dejamos transcrita ha dado lugar a que la representación del Banco Territorial y Agrícola acudiera a esta Corte Suprema en solicitud de auto de *certiorari*, para que mediante revisión de los procedimientos de la corte inferior se resuelva, que habiendo sido rendidas las cuentas detalladas y comprobadas a cuya rendición venía obligado el banco en virtud de la sentencia de esta Corte Suprema de 24 de junio de 1909, se declare nula la orden sobre pruebas de la impugnación de cuentas y se ordene el archivo del pleito como definitivamente terminado, sin perjuicio de que los demandantes ejerciten mediante los trámites legales correspondientes los derechos de que se crean asistidos, si algunos tienen, como consecuencia de la rendición de cuentas hecha por el banco demandado.

Fué expedido el auto de *certiorari* solicitado y de las alegaciones del peticionario y de las actuaciones originales que

han venido a esta Corte Suprema en cumplimiento de dicho auto, resulta que los procedimientos han sido llevados por la corte inferior en los términos expuestos.

Veamos ahora si dichos procedimientos se ajustan a la sentencia de esta Corte Suprema de 24 de junio de 1909, en cuanto ordena que el Banco Territorial y Agrícola de Puerto Rico rinda a los demandantes cuenta detallada y justificada de la administración de la hacienda "Laura" durante el período que media entre el 30 de junio de 1902 y el 19 de mayo de 1906.

El alcance de ese pronunciamiento es el que revelan los términos en que está concebido; y los términos "rendición de cuenta detallada y justificada de la administración de la hacienda 'Laura' '' comprenden, *además de la presentación de dicha cuenta en la forma dispuesta, su examen con audiencia de los interesados y su aprobación o reforma definitiva en el trámite de ejecución de la sentencia de 24 de junio de 1909, a fin de determinar el legítimo saldo o alcance, porque estos tres actos tienen entre sí perfecta conexión y son absolutamente imprescindibles para que se cumpla formal y eficazmente lo juzgado.*

Esa doctrina ha sido consignada por el Tribunal Supremo de España en sentencia de 28 de septiembre de 1878 y el Código de Enjuiciamiento Civil que actualmente rige no la contradice en ninguno de sus preceptos. Antes por el contrario, los procedimientos seguidos en las cortes de los Estados Unidos estan conformes con ella.

Opinamos que la Corte de Distrito de San Juan ha obrado dentro de los límites de su jurisdicción al dictar la orden de 26 de marzo último que ha dado lugar al presente recurso de *certiorari*, sin infringir regla alguna de procedimiento.

La opinión que fundamenta la sentencia de 24 de junio de 1909 no favorece al peticionario, según éste alega, cual si en esa opinión hubiéramos establecido que la impugnación de la cuenta detallada y justificada de la administración de la hacienda "Laura" que rindiera al banco Cintrón Hermanos,

debía hacerse no en las diligencias de cumplimiento de dicha sentencia, sino en otro juicio independiente.

En dicha opinión dijimos:

"\* \* \* En las cuentas de administración de la hacienda 'Laura' son partes igualmente interesadas la demandante y la demandada, y no cabe privar a ésta del derecho de examinarlas para preparar las acciones de que se crea asistida, acciones que pueden prosperar o nó después de oídas las alegaciones de las partes y de haberse practicado las pruebas conducentes en defensa de sus respectivos derechos.

"El mismo Banco Territorial y Agrícola, al ser requerido en 1º. de septiembre de 1905 por los abogados López Landrón, Hartzell y Rodríguez Serra, en representación de Cintrón Hermanos, para que les pusiera de manifiesto las cuentas de administración de la hacienda 'Laura' manifestó que estaba dispuesto a presentar a Cintrón Hermanos o a sus apoderados en forma las cuentas que se le pedían para que prestasen su conformidad o reparos justificados desde 23 de agosto de 1905 en adelante, pues hasta esa fecha estaban tácitamente aprobadas, según la cláusula undécima del contrato de 23 de mayo de 1900, y que también accedía a presentar dichas cuentas desde el 30 de junio de 1902 hasta el 31 de agosto de 1905, pero haciendo constar que con arreglo a dicho contrato esas cuentas estaban ya aprobadas hasta el 23 de agosto de 1905 sin que la condescendencia del banco pudiera entenderse en el sentido de renunciar o poner en duda el hecho de estar ellas reconocidas.

"Tales manifestaciones revelan claramente que el banco estaba dispuesto o mostrar a Cintrón Hermanos la contabilidad relativa a la administración de la hacienda 'Laura' y únicamente les negaba el derecho de poner reparos a sus cuentas de administración por estimar que están consentidas y aprobadas, tácitamente, según las estipulaciones de la escritura de 23 de mayo de 1900.

"Nos parece prematura tal alegación, pues sólo podría hacerse después que Cintrón Hermanos en vista de las cuentas y en forma debida hagan los reparos que juzguen convenientes.

"El examen de las cuentas por Cintrón Hermanos es necesario para el ejercicio de las acciones de que se crean asistidos, y no cabe cerrarles la puerta a toda reclamación, privándoles de unas cuentas en que son partes tan interesadas como el Banco Territorial y Agrícola.

"En cuanto a los demás extremos que contiene el primer pronunciamiento de la sentencia recurrida, nos parecen improcedentes en derecho. Examinadas las cuentas de la administración de la hacienda

'Laura' por los demandantes, éstos ejercitarán los derechos que les asistan, si algunos tienen, y entonces habrá llegado el momento de dictar las resoluciones que la ley aconseje mediante los trámites legales necesarios. Es prematuro invocar como de aplicación al caso el artículo 205 del Código de Enjuiciamiento Civil, y ordenar se entregue al demandado por los demandantes un saldo problemático.''

(*Cintrón et al.* v. *El Banco Territorial y Agrícola,* 15 D. P. R., 507.)

Como se ve, esta Corte Suprema estimó que el Banco Territorial y Agrícola estaba en el deber de rendir a Cintrón Hermanos cuenta detallada y justificada de la administración de la central "Laura" durante cierto período de tiempo y que a Cintrón Hermanos no podía privárseles del derecho de examinar esa cuenta; pero no formuló prejuicio alguno sobre el tiempo, modo y forma en que Cintrón Hermanos pudieran hacer los reparos que juzgaran convenientes, ni sobre el procedimiento que debiera seguirse para discutir y resolver tales reparos, los que indudablemente debían discutirse y *resolverse después de oídas las alegaciones de las partes y de haberse practicado las pruebas conducentes en defensa de sus derechos respectivos.* Esas alegaciones y pruebas, lo mismo pueden caber en un pleito ordinario, que en diligencias sobre cumplimiento de la sentencia que ordena la rendición de cuentas.

Si esta corte en su sentencia de 24 de junio de 1909 no aceptó más pronunciamientos de la corte inferior que el que ordenaba la rendición de cuentas por el banco a Cintrón Hermanos, revocando los demás concernientes al particular, fué porque opinó que éstos eran prematuros antes de que estuvieran rendidas las cuentas, y no por que tratara de reservar para un juicio ordinario la impugnación de las mismas.

La resolución de la corte inferior de 26 de marzo último negándose a dar por terminadas las diligencias de cumplimiento de sentencia, que legalmente no están terminadas, y ordenando la presentación de pruebas, se ajusta a las reglas

procesales. Las diligencias deben continuarse hasta que recaiga resolución definitiva sobre las cuentas presentadas.

No encontrando en los procedimientos de la Corte de Distrito de San Juan razón alguna que nos autorice para declarar nula la orden de 26 de marzo último, sobre pruebas de la impugnación de cuentas y para ordenar el archivo del pleito como definitivamente terminado, según solicita la representación del Banco Territorial y Agrícola, procede se devuelvan los autos a dicha corte, dejándola en libertad para proceder como si no se hubiera expedido el auto de *certiorari,* el cual quedará anulado.

*Desestimada la solicitud.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.